# Exhibit F

STONE AND WOLFE                    (213) 552-0111
2121 Avenue of the Stars, Suite 1530
Los Angeles, CA 90067
ATTORNEY FOR (NAME) Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS        111 North Hill Street
MAILING ADDRESS       Los Angeles, CA 90012
CITY AND ZIP CODE
BRANCH NAME           Central

MARRIAGE OF
PETITIONER    HILDA H. REODICA

RESPONDENT    EMINIANO A. REODICA, JR.

NOTICE OF ENTRY OF JUDGMENT

*F I L E D*

**NOV 22** 1988

D  223 807

You are notified that the following judgment was entered on (date):   *11-15-88*

1.  XX Dissolution of Marriage

2.  ☐ Dissolution of Marriage - Status Only

3.  ☐ Dissolution of Marriage - Reserving Jurisdiction over Termination of Marital Status

4.  ☐ Legal Separation

5.  ☐ Nullity

6.  ☐ Other (specify):

Date:   *11-22-88*                         Clerk, by _____ Deputy

*BEST AVAILABLE IMAGE*

- NOTICE TO ATTORNEY OR PARTY WITHOUT ATTORNEY:
Pursuant to the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

Effective date of termination of marital status (specify):   *11-15-88*
WARNING: NEITHER PARTY MAY REMARRY UNTIL THE EFFECTIVE DATE OF THE TERMINATION OF MARITAL STATUS
       AS SHOWN IN THIS BOX

CLERK'S CERTIFICATE OF MAILING
I certify that I am not a party to this cause and that a true copy of the Notice of Entry of Judgment was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed
at (place):                               California,
on (date):
Date:   *11-22-88*                         Clerk, by _____ Deputy

Hilda H. Reodica
c/o Stone and Wolfe
2121 Avenue of the Stars #1530
Los Angeles, CA 90067

USAO_013842

I certify that this is a true and correct copy
of the original *Document* on
file in this office

SEP 25 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____ , Deputy
R.J. Clifton

USAO_013843

BEST AVAILABLE IMAGE

HERBERT N. WOLFE, ESQ.          (213) 552-0111
STONE AND WOLFE
2121 Avenue of the Stars, Suite 1530
Los Angeles, CA 90067
ATTORNEY FOR (Name) Petitioner

**FILED**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE:
BRANCH NAME: Central

NOV 15 1988
FRANK S. ZOLIN, COUNTY CLERK
BY C.H. JOHNSON, DEPUTY

MARRIAGE OF
PETITIONER: NILDA H. REODICA
RESPONDENT: EMINIANO A. REODICA, JR.

JUDGMENT
[X] Dissolution   [ ] Legal separation   [ ] Nullity

D 223 867

[ ] Status only
[ ] Reserving jurisdiction over termination of marital status
Date marital status ends:   NOV 15 1988

1. This proceeding was heard as follows: [X] Default or uncontested  [X] By declaration under Civil Code § 4511  [ ] contested
   a. Date: NOV 15 1988   Dept: 60   Rm:
   b. Judge (name):
   c. [X] Petitioner present in court
   d. [ ] Respondent present in court
   e. [ ] Claimant present in court (name):

2. The court acquired jurisdiction of the respondent on (date): 8/31/88
   [ ] Respondent was served with process   [ ] Respondent appeared

3. THE COURT ORDERS, GOOD CAUSE APPEARING:
   a. [X] Judgment of dissolution be entered. Marital status is terminated and the parties are restored to the status of unmarried persons
      (1) [X] on the following date (specify):
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation be entered.
   c. [ ] Judgment of nullity be entered and the parties are declared to be unmarried persons on the ground of (specify):

4. THE COURT FURTHER ORDERS:
   a. Jurisdiction is reserved to make other and further orders necessary to carry out this judgment.
   b. [ ] Wife's former name be restored (specify):
   c. [ ] This judgment shall be entered nunc pro tunc as of (date):
   d. [ ] Jurisdiction is reserved over all other issues and all present orders remain in effect except as provided below.
   e. [ ] Any payment for spousal or family support contained in this judgment shall terminate upon the death of the payor unless otherwise provided.
   f. [X] Other (specify):
      Pursuant to the signed Marital Termination Agreement which
      was received in evidence, and for good cause appearing, the
      Court makes the following orders:

5. Number of pages attached:  2          [X] Signature follows last attachment

— NOTICE —
1. Please review your will, insurance policies, retirement benefit plans, and other matters you may want to change in view of the dissolution or annulment of your marriage. Ending your marriage may automatically change a disposition made by your will to your former spouse.
2. A debt or obligation may be assigned to one party as part of the division of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
3. If you fail to pay any court-ordered child support, an assignment of your wages will be obtained without further notice to you.

1287          JUDGMENT (Family Law)

USAO_013845

JUDGMENT
MARRIAGE OF REODICA                    CASE NO. D223807

## CUSTODY AND VISITATION

1.    Petitioner and Respondent will have joint legal custody
of their minor children: Elinore, born January 21, 1971; Elisa,
born November 11, 1975; and Jun, born June 1, 1979.

Petitioner shall have sole physical custody of the
minor children.

2.    Respondent shall have reasonable visitation rights with
respect to the minor children as agreed by the parties subject to
further order of Court.

## CHILD SUPPORT

Respondent will pay to Petitioner for child support the sum
of $350 per child per month commencing September 30, 1988 and
continuing until the first of the following events:

(a)   The child obtains age 19, or has obtained age 18 and is
not a full time high school student residing with the Petitioner:

(b)   The child dies.

(c)   The child enters into a valid marriage, is/ on active
duty with any of the armed forces of the United States of
America, or receives a Declaration of Emancipation under
California law: or

(d)   Further Order of the Court.

Child support as awarded herein is at least equal to the
amount required under Civil Code Section 4722, and the conditions
of Civil Code Section 47 and 28 have been satisfied.

(e)   Husband will maintain coverage for the minor children
under a suitable medical and dental insurance plan acceptable to
wife.

## SPOUSAL SUPPORT

Respondent shall pay to Petitioner for spousal support the
sum of $1 per year payable in advance on or before the 1st day of
January commencing January 1, 1989, and continuing until either
party's death, remarriage of Petitioner or the modification by
further order of Court which ever shall occur first.

2

USAO_013847

## DISPOSITION OF ASSETS

The parties have previously entered into a written agreement disposing and dividing of all the assets and obligations of the parties and have agreed to take such other and further steps necessary or appropriate to effectuate said property division.

Approved as to form and content:

_____          Oct. 10, 1988
Hilda N. Reodica                     Date

_____          Oct. 6 1988
Eminiano A. Reodica, Jr.             Date


Approved as to form and content:

STONE AND WOLFE

_____          10/10/88
Herbert N. Wolfe


                              IT IS SO ORDERED:

                              _____
   NOV    1988                Judge, Superior Court

I certify that this is a true and correct copy
of the original Judgment on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____, Deputy
R. Clifton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. ___

| Date: | NOVEMBER 15, 1 989 | | | |
|---|---|---|---|---|
| HONORABLE | | JUDGE | C. H. JOHNSON | DEPUTY CLERK _____ |
| HONORABLE | VERMONT M. NIXON JUDGE PRO TEM | | | |
| | D. CUSICTER | Deputy Sheriff | N. MARTIN | REPORTER (Parties and counsel checked if present) |

| 0223 867  IN RE the marriage of | | Counsel for |
|---|---|---|
| REODICA, HILDA R ✓ | Petitioner | Petitioner  STANLEY N. KYKER ✓ |
| AND | | Counsel for |
| REODICA, JR., ZOILANDO A. | Respondent | Respondent |

NATURE OF PROCEEDINGS:  ☐ CONTESTED  ☐ UNCONTESTED  ☐ DEFAULT
☐ NULLITY  ☒ DISSOLUTION  ☐ PATERNITY  ☐ LEGAL SEPARATION  ☐ OTHER

It is stipulated that Commissioner _____ VERMONT M. NIXON _____ may hear this matter as Judge Pro Tempore, and that he or she or any commissioner may hear any other proceedings subject to withdrawal of this stipulation by either party

☑ Cause is called for trial.  ☐ Motion of Petitioner/Respondent for continuance granted/denied.

☑ Cause transferred _____ Dept. _____

☐ Cause off calendar.  ☐ No appearance.  ☐ Request of counsel.

☐ Cause is continued to _____ _____ Department _____
pursuant to request of  ☐ Petitioner/Respondent  ☐ Stipulation  ☐ Mandatory Conference

☐ The Petitioner/Respondent to give notice.  ☐ Notice waived.

☐ _____ sworn to interpret Spanish.

☑ Petitioner  ☐ Respondent is sworn and testifies.

☐ A JUDGMENT OF PATERNITY IS GRANTED.

☐ A JUDGMENT OF LEGAL SEPARATION IS GRANTED.

☐ A JUDGMENT OF NULLITY OF VOID MARRIAGE IS GRANTED.

☐ A JUDGMENT OF NULLITY OF VOIDABLE MARRIAGE IS GRANTED.

☑ A JUDGMENT OF DISSOLUTION OF MARRIAGE IS GRANTED.

☐ Petitioner's exhibit 1 (property settlement agreement) is received in evidence, approved, and placed in the case file.

_____

☑ Further orders are made pursuant to the Judgment signed by the court and filed this date.

☐ Counsel for _____ is directed to prepare the proposed judgment and incorporate therein the statutory provisions of the property settlement agreement.

☐ Further order is made in accordance with the stipulation entered into on counsel for the respective parties and fully reflected in the court reporter's notes which are incorporated herein by reference.

☐ Counsel for _____ is ordered to prepare the judgment in accordance with said stipulation; the judgment shall be submitted to movant for approval and/or for approval as to form and content prior to presentation to the court for signature and filing.

☐ By stipulation, the parties waive:
☐ Statement of Decision  ☐ The right to move for a New Trial  ☐ The right to appeal.

☐ The court renders its decision which is fully reflected in the court reporter's notes incorporated herein by reference. Counsel for _____ is ordered to prepare this proposed judgment in accordance therewith, and submit it to opposing counsel for approval as to form and content.

☐ Matter is referred to Conciliation Court  ☐ Settlement and Mediation

☐ Further Order of Court as follows:

| | |
|---|---|
| | MINUTES ENTERED |
| MIN NO. (REV. 9-85) | NO. _____  11-15-89 |
| | Dept. _____  COUNTY CLERK |

I certify that this is a true and correct copy
of the original $Document$ on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____ , Deputy

R. Clifton

USAO_013851

NAME AND ADDRESS OF SENDER

HERBERT N. WOLFE, ESQ.    TELEPHONE NO    (213) 552-0111
STONE AND WOLFE
2121 AVENUE OF THE STARS, SUITE 1530
LOS ANGELES, CA 90067

FILED

Insert name of court, judicial district or branch court, if any, and Post Office and Street Address

LOS ANGELES SUPERIOR COURT - CENTRAL
111 NORTH HILL STREET
LOS ANGELES, CA 90012

PLAINTIFF

HILDA H. REODICA

DEFENDANT

EMINIANO A. REODICA, JR.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT | Case Number |

TO: EMINIANO A. REODICA, JR.
(Insert name of individual being served)

This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

Dated                                                          _____
                                                                        (Signature of sender)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of: (To be completed by sender before mailing)

1. ☐ A copy of the summons and of the complaint;
2. ☒ A copy of the summons and of the Petition (Marriage) and
   ☒ Blank Confidential Counseling Statement (Marriage);
   ☐ Order to Show Cause (Marriage)
   ☐ Blank Responsive Declaration
   ☐ Blank Financial Declaration
   ☐ Other: (Specify)

BEST AVAILABLE IMAGE

(To be completed by recipient)

Date of receipt:        August 28, 1977

Date this form is signed   August 30, 1977    EMINIANO A. REODICA, JR.
                                                        (Type or print your name and name of entity, if any,
                                                        on whose behalf this form is signed)
                                                        (Signature of person acknowledging receipt, with title if
                                                        acknowledgment is made on behalf of another party)

CCP 415.30; 417.10
Rule 13.6
FENN29 (3) 2-85    PB 2-85

I certify that this is a true and correct copy
of the original Document on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____ , Deputy
R. Clifton

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| HERBERT N. WOLFE, ESQ.   (213) 552-0111 STONE AND WOLFE, 2121 AVENUE OF THE STARS, SUITE 1530, LOS ANGELES, CA 90067 | | |

ATTORNEY FOR (NAME): **HILDA H. REODICA**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

**MARRIAGE OF**
PETITIONER: HILDA H. REODICA
RESPONDENT: EMINIANO A. REODICA, JR.

**FILED**

NOV 1 5 1988

FRANK S. ZOLIN, COUNTY CLERK

BY R.M. POLCE, DEPUTY

**APPEARANCE, STIPULATION AND WAIVERS**

CASE NUMBER
D ? 2 3 5 C 7

1. [X] Respondent makes a general appearance.
2. [ ] Respondent has previously made a general appearance
3. [ ] Respondent is a member of the military services of the United States of America and waives all rights under the Soldiers and Sailors Civil Relief Act of 1940 as amended, and does not contest this proceeding
4. [X] The parties stipulate that this cause may be tried as an uncontested matter.
5. [X] The parties waive their rights to notice of trial, findings of fact and conclusions of law, motion for new trial, and the right to appeal.
6. [X] This matter may be tried by a commissioner sitting as a temporary judge
7. [X] A written settlement agreement has been entered into between the parties
8. [X] A stipulation for judgment will be submitted to the court at the uncontested proceeding
9. [ ] None of these stipulations or waivers shall apply unless the court approves the written settlement agreement or stipulation for judgment.
10. [ ] Other (specify):

BEST AVAILABLE IMAGE

11. Total number of boxes checked (specify):  6

Dated: oct. 10, 1988

HILDA H. REODICA

Dated: ...

EMINIANO A. REODICA, JR.

Dated:

(Type or print name)

(Signature of Attorney for Petitioner)

Dated:

(Type or print name)

(Signature of Attorney for Respondent)

APPEARANCE, STIPULATION AND WAIVERS
(FAMILY LAW)

1282.50

76A706A (Rev. 1-80) PE 4-80   RD040

I certify that this is a true and correct copy of the original Document on file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of the Superior Court of California County of Los Angeles

By: _____ , Deputy

R. Clifton

USAO_013855

STONE AND WOLFE          (213) 557-0111
2121 Avenue of the Stars, Suite 1530
Los Angeles, CA  90067
ATTORNEY FOR *name*          Petitioner
SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS    111 North Hill Street
MAILING ADDRESS   Los Angeles, CA  90012
CITY AND ZIP CODE
BRANCH NAME       Central
PETITIONER/PLAINTIFF:
        HILDA H. PRODICA.
RESPONDENT/DEFENDANT:
        PRIMIANO A. PRODICA, JR.
STIPULATION TO ESTABLISH OR MODIFY CHILD OR
FAMILY SUPPORT AND ORDER

**FILED**

NOV 1 * 1988

FRANK S. ZOLIN, COUNTY CLERK

C.H. Johnson

BY C.H. JOHNSON, DEPUTY

CASE NUMBER
D 223 807

1. We agree that we are fully informed of our rights under the Minimum Child Support Standards Act.
2. We make this agreement freely without threat or duress and the needs of our children will be adequately met under this agreement.
3. Complete a, b, or c
   a. [ ] The right to support has not been assigned to any county and no application for public assistance is pending.
   b. [ ] The right to support has been assigned to (county name).
   c. [ ] An application for public assistance is pending in (county name).
   If you checked b or c, a district attorney of the county named must sign below before the court will accept your stipulation.
   Date:

   (TYPE OR PRINT NAME)                    (SIGNATURE OF DISTRICT ATTORNEY)

4. Petitioner's net monthly income. $ ...-0-...     Respondent's net monthly income. $  Unknown
5. Check one.
   a. [X] We agree that child or family support will be ordered in a sum which is equal to or greater than the current AFDC payment for the number of children we have. The AFDC payment is: $
   b. [ ] We agree that child or family support will be ordered in a sum less than the current AFDC payment for the number of children we have. The AFDC payment is: $
   c. [ ] We agree that child or family support will be ordered in a sum less than that provided by the Minimum Child Support Standards Act and no change of circumstances need be demonstrated for a modification.
6. We agree that [X] child [ ] family  support will be payable as follows beginning on (date):

| Name of child | Monthly amount | Payable by | Payable to | Payable on (date) |
|---|---|---|---|---|
| a. Elinore | $ 350.00 | Respondent | Petitioner | 15th each Mo. |
| b. Elira | $ 350.00 | Respondent | Petitioner | 15th each Mo. |
| c. Jun | $ 350.00 | Respondent | Petitioner | 1st each Mo. |
| d. | $ | | | |
| e. Family support | $ | | | |
| Total: | $1,050.00 | | | |

(SIGNATURE OF PETITIONER)                    (SIGNATURE OF RESPONDENT)

**ORDER**

7. a. [ ] Child support is ordered payable as set forth in item 6. All provisions of previous orders relating to the child or children remain in effect unless specifically modified by this order. Child support payments shall continue until further order of the court or until the child marries, dies, is emancipated, reaches 19, or reaches 18 and is not a full-time high school student residing with a parent, whichever occurs first.
   b. [ ] Family support is ordered payable as set forth in item 6a. The payments shall continue until the death of the recipient or until further order of the court.

Date:

                              JUDGE OF THE SUPERIOR COURT

Form Approved by Rule 1285.27
Judicial Council of California
1285.27 (Rev. January 1, 1988)
1285.27
STIPULATION TO ESTABLISH OR MODIFY CHILD OR
FAMILY SUPPORT AND ORDER
(Family Law)
7AII693 - MODE4 - 1.3M
Civil Code, § 4720

BEST AVAILABLE IMAGE

I certify that this is a true and correct copy
of the original *Document* on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____ , Deputy

R. Clifton

USAO_013857

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)

STONE AND WOLFE          (213) 552-0111
2121 Avenue of the Stars, Suite 1530
Los Angeles, CA  90067
ATTORNEY FOR (Name)    Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    LOS ANGELES

STREET ADDRESS    111 North Hill Street
MAILING ADDRESS
CITY AND ZIP CODE    Los Angeles, CA  90012
BRANCH NAME    Central

PETITIONER/PLAINTIFF    HILDA H. REODICA

RESPONDENT/DEFENDANT    EMINIANO A. REODICA, JR.

INCOME AND EXPENSE DECLARATION

BEST AVAILABLE IMAGE

FOR COURT USE ONLY

# FILED

NOV 1 5 1988

FRANK S. ZOLIN, COUNTY CLERK

*C.M. Johnson*

BY C.M. JOHNSON, DEPUTY

CASE NUMBER

D 223 807

**Step 1**
**Attachments to this summary**

a. [X] I have attached completed Income Information and Expense Information forms.
   You must complete and attach the Expense Information form and Income Information form unless b is checked.
b. [ ] My only income is AFDC, so I have attached an Expense Information form only.

**Step 2**
**Answer all questions that apply to you**

1. Are you receiving or have you applied for or do you intend to apply for welfare or AFDC?
   [ ] Receiving  [ ] Applied for  [ ] Intend to apply for  [X] No
2. What is your date of birth (month, day, year)?                                    4/18/44
3. What is your occupation?  Nutritionist

   [_____|_____|_____|_____|_____]
                              Nursery   High School   College   Postgraduate

4. Mark the highest year of education completed    1  2  3  4  5  6  7  8  [9] 10 11 12 13 14 15 16 17 18 19 20
5. Are you presently employed?  [X] Yes  [ ] No
   a. If yes: (1) Where do you work? (name and address)  Grand Wilshire Leasing

      (2) When did you start work there (month/year)?                  10/17/86
   b. If no: (1) When did you last work (month/year)?
              (2) What were your gross monthly earnings?
6. What is your social security number    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
7. What is the total number of minor children you are legally obligated to support?    4

**Step 3**
**Monthly income information**

8. Net monthly disposable income (from line 13 of Income Information)    $ 1,520.00

9. Current net monthly disposable income (if different from line 8), explain below or on Attachment 9)    $ -0-

Not currently drawing salary -- business starting up.

**Step 4**
**Deductions and adjustments**

10. [ ] Hardship deductions are requested in the total amount of (item 21 of Expense Information):    $ -0-
11. [ ] Child support should be adjusted because of shared custody (item 22 of Expense Information).

**Step 5**
**Expense information**

12. Total monthly expenses from line 17 of Expense Information:    $ 3,455.00
13. Amount of these expenses paid by others:    sister    $ 500.00

**Step 6**  Other party's income
14. My estimate of the other party's gross monthly income is:  [X] unknown    $

**Step 7**
**Date and sign this form**

I declare under penalty of perjury under the laws of the State of California that the foregoing and the attached information forms are true and correct.

Date:

*[signature]*

HILDA REODICA
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

[X] Petitioner  [ ] Respondent

USAO_013858

USAO_013859

| PETITIONER/PLAINTIFF: | HILDA H. REODICA | | CASE NUMBER |
|---|---|---|---|
| RESPONDENT/DEFENDANT | EMINIANO A. REODICA, JR. | | C 223 807 |

INCOME INFORMATION OF (name)

| Step 1<br>Figure your<br>total gross<br>annual income<br>if your income<br>changes, show<br>the total for<br>the past 12<br>months and<br>indicate that your<br>income is irregular | 1. Total gross salary or wages, including commissions, bonuses, and overtime paid during last 12 months: | | 1. $ 24,000.00 |
|---|---|---|---|
| | 2. All other money received during last 12 months earned: Specify sources below: welfare, AFDC, spousal support from this marriage, or any child support. | | 2a. $ |
| | Include pensions, social security, disability, unemployment, military basic allowance for quarters (BAQ), spousal support from a different marriage, dividends, interest or royalty, trust income, and annuities. | | 2b. $ |
| | Include income from a business and rental properties | | 2c. $ |
| | Prepare and attach a schedule showing gross receipts less cash expenses for each business or rental property | | 2d. $  –0– |
| | 3. Add lines 1 through 2d | | 3. $ 26,000.00 |

| Step 2  Gross monthly income | 4. Divide the amount on line 3 by 12 months | total gross monthly income | 4. $ 2,000.00 |
|---|---|---|---|

| Step 3<br>Figure the<br>deductions<br>from income<br>each month | 5. State income tax withheld: | | 5. $ 40.30 |
|---|---|---|---|
| | 6. Federal income tax withheld: | | 6. $ 265.00 |
| | a. Number of exemptions claimed on W-4 form: | | |
| | b. Number of exemptions claimed on last federal income tax return: | | |
| | 7. FICA (Social Security) or self employment tax or an amount not greater for persons not subject to FICA. If the amount is used to secure retirement or disability benefits | | 7. $ 265.20 |
| | 8. Health insurance | | 8. $  –0– |
| | 8a. State disability insurance: | | 8a. $ 24.00 |
| | 9 Mandatory union dues: | | 9. $  –0– |
| | 10. Mandatory retirement and pension fund contributions (Do not include any deduction claimed in item 2 | | 10. $  –0– |
| | 11. Court ordered child or spousal support actually being paid for a relationship other than that involved in this proceeding: | | 11. $  –0– |
| | 12. Add lines 5 through 11 | total monthly deductions | 12. $ 480.00 |

| Step 4<br>Net income | 13. Subtract line 12 from line 4 | net monthly disposable income | 13. $ 1,520.00 |
|---|---|---|---|

| Step 5<br>Other income<br>and deduction<br>information | 14a. Current gross monthly salary or wages: | | 14a. $  –0– |
|---|---|---|---|
| | 14b. Current gross monthly other income: | | 14b. $  –0– |
| | 15. AFDC, welfare, spousal support from this marriage, and child support from other relationship received each month: | | 15. $  –0– |
| | 16. Monthly costs of child care to permit your work or education: | | 16. $  –0– |

| Step 6<br>Other property<br>owned | 17. Cash and checking accounts: | | 17. $ 566.00 |
|---|---|---|---|
| | 18. Savings, credit union, certificates of deposit, and money market accounts. | | 18. $  –0– |
| | 19. Stocks, bonds, and other liquid assets: | | 19. $  –0– |
| | 20. All other property, real or personal (specify below): Jewelry<br>Real Property in Escrow | | Community Property<br>20. $ Divided Per<br>Stipulation |

INCOME INFORMATION (Family Law)

USAO_013860

USAO_013861

| PETITIONER PLAINTIFF | HILDA H. REODICA | | AUF NUMBER |
|---|---|---|---|
| RESPONDENT/DEFENDANT | EMINIANO A. REODICA, JR. | | D 223 807 |

EXPENSE INFORMATION OF (name)

1. a. List all persons living in your home whose earnings are included below and their income:
   (Continued on Attachment 1a)

   | | name | age | relationship | gross monthly income |
   |---|---|---|---|---|
   | 1. | | | | |
   | 2. | | | | |
   | 3. | | | | |
   | 4. | | | | |

   b. List all other persons living in your home and their income:
   (Continued on Attachment 1b)

   | | name | age | relationship | gross monthly income |
   |---|---|---|---|---|
   | 1. | Emily | 18 | Daughter | N/A |
   | 2. | Elinore | 17 | Daughter | N/A |
   | 3. | Elisa | 12 | Daughter | N/A |
   | 4. | Jun | 9 | Son | N/A |

**MONTHLY EXPENSES**

2. Residence payments
   a. Rent or mortgage: Stays w/Sister
   b. Taxes & insurance: $ -0-
   c. Maintenance: $ -0-
3. Food at home and household supplies: $ 435.00
4. Food eating out: $ -0-
5. Utilities: $ -0-
6. Telephone: $ 285.00
7. Laundry & cleaning: $ 50.00
8. Clothing: $ 400.00
9. Medical & dental: $ -0-

10. Insurance (life, accident, etc. Do not include auto, home, or health insurance): $ 285.00
11. Child care: $ -0-
12. Education (specify): Tuition -- Emily: $ 2,500.00
13. Entertainment: $ 100.00
14. Transportation & auto expenses (insurance, gas, oil, repair): $ 400.00
15. Installment payments (insert total and itemize below at 18): $ -0-
16. Incidentals
    a. Other (specify): 
    b. Other (amount): $
17. TOTAL MONTHLY EXPENSES: $ 3,455.00

18. ITEMIZATION OF INSTALLMENT PAYMENTS OR OTHER DEBTS (Continued on Attachment 18)

| CREDITOR'S NAME | PAYMENT FOR | MONTHLY PAYMENT | BALANCE | DATE LAST PAYMENT MADE |
|---|---|---|---|---|
| | | | | |

19. ATTORNEY FEES
   a. I have paid my attorney for fees and costs: $ -0-  The source of this money was:
   b. I have incurred to date the following fees and costs:
   c. My arrangement for attorney fees and costs is: hourly @ $250 po/hour
   d. Attorney fees have been requested.

   I confirm this information and fee arrangement.

   HERBERT N. WOLFE, ESQ.

**$285.50B**

(Continued on reverse)

USAO_013862

USAO_013863

| | |
|---|---|
| | B 213 #87 |

20. [illegible text]

21. The court is requested to allow the expenses itemized below, which are just/fair expenses that the counsel or attorney incurred for:

| | Amount paid per month | How many months will you need to make these payments |
|---|---|---|
| a. Extraordinary health care expenses (specify and attach any supporting documents): | $ | |
| b. Uninsured catastrophic injury/property and attach supporting documents: | $ | |
| c. [illegible] children: | $ | |
| d. Other expenses and attach supporting documents: | $ | |
| e. Past mandatory retirement assessment that have a...: | $ | |

22. Describe the custody arrangement you want or hope to have with the children.

| Child's name | Comments |
|---|---|
| Emily | Sole custody to Petitioner |
| Elisara | Sole custody to Petitioner |
| Elias | Sole custody to Petitioner |
| Jim | Sole custody to Petitioner |

If each parent has physical custody of any of the children I DO have or more, attach one TS on the Income and Expense Declaration.

USAO_013864

USAO_013865

PETITIONER/PLAINTIFF    HILDA A. REODICA
RESPONDENT/DEFENDANT    EMINIANO A. REODICA, JR.

FOR COURT USE ONLY

## TABLE (Effective July 1, 1987)*

| Number of Minor Children (from line 12) | AFDC Minimum (Enter on line 15) | Percentage | (Multiplier) (Enter on line 13) |
|---|---|---|---|
| 1 | $ 311 | 16% | (18) |
| 2 | $ 611 | 27% | (27) |
| 3 | $ 633 | 30% | (30) |
| 4 | $ 753 | 40% | (40) |
| 5 | $ 850 | 46% | (46) |
| 6 | $ 965 | 48% | (48) |
| 7 | $ 1050 | 52% | (52) |
| 8 | $ 1155 | 56% | (56) |
| 9 | $ 1250 | 60% | (60) |
| 10 | $ 1350 | 64% | (64) |

*Caution: The amounts in this table and the amount on line 20 are subject to yearly change. This table contains figures for about 1987.

CASE NUMBER D 223 807

## MINIMUM CHILD SUPPORT WORKSHEET

| | Noncustodial | Custodial |
|---|---|---|
| Gross monthly income (from line 4 of Income Information) | 1) $ -0- | 6) $ 2,000.00 |
| Monthly deductions (from line 12 of Income Information) | 2) $ -0- | 7) $ 480.00 |
| Subtract line 2 from line 1 and enter result on line 3. Subtract line 7 from line 6 and enter result on line 8 | 3) $ -0- | 8) $ 1,520.00 |
| Monthly extraordinary hardship expenses (from line 10 of Income and Expense Declaration) | 4) $ 0.00 | 9) $ -0- |
| MONTHLY NET DISPOSABLE INCOME (subtract line 4 from line 3 and enter result on line 5. Subtract line 9 from line 8 and enter result on line 10) | 5) $ | 10) $ 1,520.00 |

To determine the Minimum Child Support Award, you may use the tables (Appendix A to the Instruction Booklet) if neither parent's monthly net disposable income is more than $2,050. Otherwise, you must use the rest of this worksheet.

| | | |
|---|---|---|
| 11. Total Monthly Net Disposable Income of both parents (add lines 5 and 10) | 11) $ | 1,520.00 |
| 12. Number of minor children of this relationship | 12) | 3 |
| 13. Applicable multiplier (from table above) | 13) | .36 |
| 14. Multiply line 11 by line 13 and enter on line 14 | 14) $ | 547.20 |
| 15. AFDC Minimum (from table above) | 15) $ | 633.00 |
| 16. Enter line 14 or line 15 whichever is less | 16) $ | 547.20 |
| 17. Figure percentage of child support to be paid by noncustodial parent. Divide line 5 by line 11 and enter result on line 17   approximately | 17) | -0- |
| 18. Multiply line 16 by line 17 and enter result on line 18 | 18) $ | -0- |
| 19. Enter amount from line 5 | 19) $ | -0- |
| 20. | 20) $ | 311.00 |
| 21. Subtract line 20 from line 19 and enter result on line 21; if less than zero, enter zero | 21) $ | 0.00 |
| 22. Enter line 18 or line 21, whichever is less (Minimum Child Support Award) | 22) $ | 0.00 |

(This amount is the minimum to be paid by the noncustodial parent to the custodial parent for child support. The court may award a higher amount.)

Prepared by: [X] Petitioner  [ ] Respondent  [ ] Court

I certify that this is a true and correct copy
of the original Document on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____, Deputy

R. Clifton

USAO_013867

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| HERBERT N. WOLFE, ESQ.   (213) 552-0111<br>STONE AND WOLFE, 2121 AVENUE OF THE STARS,<br>SUITE 1530, LOS ANGELES, CA 90067 | | |

ATTORNEY FOR (NAME): **HILDA H. REODICA**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

MARRIAGE OF
PETITIONER: **HILDA H. REODICA**

RESPONDENT: **EMINIANO A. REODICA, JR.**

**FILED**

AUG 29 1988

FRANK E. ZOLIN, COUNTY CLERK

BY INSPECTOR DON LUCAS, DEPUTY

[X] PETITIONER'S [ ] RESPONDENT'S
[ ] COMMUNITY & QUASI-COMMUNITY PROPERTY DECLARATION
[ ] SEPARATE PROPERTY DECLARATION

CASE NUMBER: D223807

**INSTRUCTIONS**

When this form is attached to Petition or Response, values and your proposal regarding division need not be completed. Do not list community, including quasi-community, property with separate property on the same form. Quasi-community property must be so identified. For additional space, use the form "Continuation of Property Declaration."

| ITEM NO. | BRIEF DESCRIPTION | GROSS FAIR MARKET VALUE | AMOUNT OF DEBT | NET FAIR MARKET VALUE | PROPOSAL FOR DIVISION AWARD TO PETITIONER | RESPONDENT |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ |
| 1. REAL ESTATE | ALL PROPERTY IS SUBJECT TO WRITTEN AGREEMENT BETWEEN THE PARTIES | | | | | |
| 2. HOUSEHOLD FURNITURE, FURNISHINGS, APPLIANCES | | | | | | |
| 3. JEWELRY, ANTIQUES, ART, COIN COLLECTIONS, etc. | | | | | | |
| 4. VEHICLES, BOATS, TRAILERS | | | | | | |
| 5. SAVINGS, CHECKING, CREDIT UNION, CASH | | | | | | |

(Continued on reverse)

The declaration under penalty of perjury must be signed in California or in a state that authorizes use of a declaration in place of an affidavit, otherwise an affidavit is required.

Form Adopted by Rule 1239.66
Judicial Council of California
Effective January 1, 1940

**PROPERTY DECLARATION**
**(FAMILY LAW)**

1285.55

USAO_013868

| | BRIEF DESCRIPTION | | | | |
|---|---|---|---|---|---|
| 6. | REAL AND PERSONAL<br>OTHER VALUES | | | | |
| 7. | EQUIPMENT, MACHINERY<br>LIVESTOCK | | | | |
| 8. | STOCKS, BONDS, SECURED<br>NOTES | | | | |
| 9. | RETIREMENT, PENSION<br>PROFIT SHARING<br>ANNUITIES | | | | |
| 10. | ACCOUNTS RECEIVABLE,<br>UNSECURED NOTES,<br>TAX REFUNDS | | | | |
| 11. | PARTNERSHIPS, OTHER<br>BUSINESS INTERESTS | | | | |
| 12. | OTHER ASSETS AND DEBTS | | | | |
| 13. | TOTAL FROM<br>CONTINUATION SHEET | | | | |
| 14. | TOTALS | | | | |

15. ☐ A Continuation of Property Declaration is attached and incorporated by reference.

HERBERT J. WOLFE

I declare under penalty of perjury that to the best of my knowledge, the foregoing is a full and correct listing
of assets and obligations and that their amounts shown are correct, and that this declaration was executed on
(date) 8/26/93     at (place) Los Angeles     California.

HILDA K. KRAJCA

I certify that this is a true and correct copy
of the original _Document_ on
file in this office

SEP 2 5 2015

SHERRI R. CARTER, Executive Officer/Clerk of
the Superior Court of California County of Los Angeles

By: _____ , Deputy

R. Clifton

USAO_013870

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
HERBERT N. WOLFE, ESQ.    (213) 552-0111
STONE AND WOLFE
2121 AVENUE OF THE STARS, SUITE 1530
LOS ANGELES, CA 90067
ATTORNEY FOR (Name): NILDA H. REODICA

TELEPHONE NO.:

BEST AVAILABLE IMAGE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

FILED

AUG 29 1988
FRANK S. ZOLIN, COUNTY CLERK

BY _____ DEPUTY

MARRIAGE OF
PETITIONER: NILDA H. REODICA

RESPONDENT: EMINIANO A. REODICA, JR.

PETITION FOR
[X] Dissolution of Marriage
[ ] Legal Separation
[ ] Nullity of Marriage

[ ] And Declaration Under Uniform Child
Custody Jurisdiction Act

CASE NUMBER:
D223807

1. RESIDENCE (Dissolution only)  [X] Petitioner [ ] Respondent  has been a resident of this state for at least
six months and of this county for at least three months immediately preceding the filing of this Petition for Dissolution.

2. STATISTICAL FACTS    a. Date of marriage:  06/01/69    c. Period between marriage and separation
                        b. Date of separation: 06/23/88    Years:  19 .   Months:  2

3. DECLARATION REGARDING MINOR CHILDREN OF THIS MARRIAGE
a. [ ] There are no minor children.
b. [X] The minor children are:

| Name | Birthdate | Age | Sex |
|---|---|---|---|
| EMILY | 12/19/69 | 18 | F |
| ELINORE | 01/21/71 | 17 | F |
| ELISA | 11/11/75 | 12 | F |
| JUN | 06/01/79 | 9 | M |

c. IF THERE ARE MINOR CHILDREN, COMPLETE EITHER (1) or (2)
(1) [X] Each child named in 3b is presently living with  [X] petitioner [ ] respondent
at (address):  19802 ARCHWOOD STREET
               CANOGA PARK, CA 91306

and during the last five years has lived in no state other than California and with no person other than
petitioner or respondent or both.
Petitioner has not participated in any capacity in any litigation or proceeding in any state concerning
custody of any minor child of this marriage.
Petitioner has no information of any pending custody proceeding or of any person not a party to this
proceeding who has physical custody or claims to have custody or visitation rights concerning any minor
child of this marriage.

(2) [ ] A completed Declaration Under Uniform Custody of Minors Act is attached.

4. [X] Petitioner requests confirmation of the following as separate assets and obligations:
Item:                                          Confirm to
Clothing and personal effects                  Petitioner
and jewelry

(Continued on reverse)

Form Adopted by Rule 1281    PETITION                           707-307A (Rev. 1-83) 1-83
Judicial Council of California   (FAMILY LAW)                    MD011



USAO_013872

EXHIBIT "D"

The following described assets and liabilities are herewith confirmed to wife as her share of the community property of the parties.  Upon execution hereof, husband agrees to relinquish all right, title and interest in and to said assets and liabilities.  Said assets are herewith described as follows:

1.   All shares, stock and equitable interest in and to the following corporations.

    a)   Grand Wilshire Capital, Inc.

    b)   Grand Wilshire Development, Inc.

    c)   ~~Grand Rizal Finance Corporation~~

    d)   Grand Wilshire Investment, Inc.

    e)   Grand Wilshire Equity, Inc.

    f)   Grand Wilshire Leasing Limited.

    g)   Grand Wilshire Automation, Inc.

2.   All partnership interest in and to the following partnerships including, but not limited to interest in said real property held by said partnerships.

    a)   Grand Wilshire Capital, Ltd.

    b)   Grand Wilshire Finance, Ltd.

    c)   Grand Wilshire Leasing, Ltd.

    d)   ~~Grand Wilshire Division, Ltd.~~

    e)   ~~Grand Wilshire Investment, Ltd.~~

    f)   Ninth Westmoreland

    g)   Grand Wilshire Equity Investments, Limited

3.   All right, title and interest in and to said trust including, but not limited to all properties and assets held by said trusts.

    a)   The Northland Trust

    b)   The Westland Trust

    c)   The Orange Investment Trust

(Con't)

EXHIBIT "C"

The following described assets and liabilities are herewith confirmed to husband as his share of the community property, assets and liabilities. Upon execution hereof, wife agrees to relinquish all right, title and interest in and to said described assets and liabilities.

As partial consideration for same, husband agrees to remain solely responsible for all liabilities incurred by either husband or wife during the marriage whether connected to the assets being confirmed to husband or not, as well as all other liabilities of the community. Husband agrees to release and hold wife harmless of and from all claims made against wife arising out of or in connection with said community obligations, and agrees to reaffirm all such obligations in the event of any bankruptcy or insolvency proceeding rendered against husband.

Said assets are described as follows:

1.   Grand Chevrolet, Inc.

2.   Grand Motors Finance, Inc.

3.   Grand Wilshire Advertising, Inc.

4.   ~~Grand Wilshire Publishing, Inc.~~

5.   Grand Wilshire Finance Corporation

6.   Grand Motors, Inc.

7.   ~~Grand Wilshire Leasing, Inc.~~

8.   Glendale Leasing

9.   Grand Leasing I

10.   Grand Leasing II

11.   Glendora Leasing

Husband specifically affirms to himself all of the liabilities of the community, including but not limited to, all guarantees signed by husband; all loans and other obligations signed by husband in connection with any business operation of husband; and all obligations to any investors or note holders arising out of business activities of husband.

4.   All right, title and interest in and to the following described real property:

a)   241 S. Glendora Avenue, Glendora, CA

b)   237 S. Glendora Avenue, Glendora, CA

c)   3208 Stella Avenue, West Covina, CA

d)   10454, 56, 58 and 58 1/2 Moorepark Street, N. Hollywood, CA

e)   529 E. Sierra Madre Avenue, Glendora, CA

d)   1878 Dover Glen Way, Hacienda Heights, CA

f)   16919 E. Chalford Court, Hacienda Heights, CA

g)   1811 Comberly Lane, Hacienda Heights, CA

h)   1250 E. Brookhurst, No. 1087, Anaheim, CA

TYPE OF HEARING: Trial
CASE No. D-23-587
ET.   DOC. NO.
**ADMITTED IN EVIDENCE**
DATE 11-15-91
BY:

**MARITAL TERMINATION AGREEMENT**

    1.   IDENTIFICATION OF THE PARTIES. This agreement is made by and between Hilda M. Reodica (hereinafter referred to as "Wife") and Eminiano A. Reodica, Jr. (hereinafter referred to as "Husband").

    2.   DATE OF MARRIAGE. The parties were married on June 1, 1969, and ever since have been husband and wife.

    3.   DATE OF SEPARATION. The date of separation of the parties was June 21, 1988.

    4.   IRRECONCILABLE DIFFERENCES. Irreconcilable differences have led to the irremediable breakdown of the marriage, and there is no possibility of saving the marriage through counseling or other means.

    5.   MINOR CHILDREN OF THE MARRIAGE. There are three minor children of the marriage, namely, Eleanor, age 17, Elysa, age 12, and June, age 9. In addition, there is one child who has reached majority, Emily, age 18.

    6.   DISSOLUTION PROCEEDINGS. A petition for dissolution of marriage of the parties was filed on the 22 day of August, 1988, in the Superior Court of the County of Los Angeles, State of California, Case No. D 233807, and said action is currently pending.

    7.   PURPOSE OF THE AGREEMENT. Except as otherwise provided in this agreement, its purpose is to make a final and complete settlement of all rights and obligations between the parties, including all property rights and all rights and obligations concerning child custody and visitation, child support, and spousal support.

    8.   CUSTODY. Husband and Wife shall have joint legal custody of their minor children, Eleanor, Elysa, and June, and Wife shall have sole physical custody of the minor children.

    9.   VISITATION. Husband will have reasonable visitation rights with the minor children.

    10.   CHILD SUPPORT. Husband will pay to wife for child support the sum of $1,000.00 per month, per child commencing September 30, 1988, and continuing until the first of the following events:

       (a)  The child attains age 19, or has attained age 18 and is not a full-time high school student residing with the Wife;

1

(b) The child dies;

(c) The child enters into a valid marriage, is on active duty with any of the armed forces of the United States of America, or receives a Declaration of Emancipation under California law; or

(d) Further order of the Court.

11. AGNOS ACT PROVISION. Child support as agreed to herein is equal to or greater than the mandatory minimum level under the Agnos Child Support Standards Act of 1984 (Civil Code Sections 4720-4732). The parties acknowledge that they are fully informed of their rights under that Act and agree to such child support without coercion or duress. The parties declare that their child's needs will be adequately met. The right to support has not been assigned to any County under Welfare and Institutions Code Section 11477. No public assistance application is pending.

12. MAINTENANCE OF HEALTH INSURANCE FOR CHILD. Husband will maintain coverage for the minor children under a suitable medical and dental insurance plan acceptable to Wife.

13. SPOUSAL SUPPORT. Husband agrees to pay to Wife spousal support in the sum of $1 per year subject to further order of Court.

14. IDENTIFICATION AND CONFIRMATION OF SEPARATE PROPERTY. Attached hereto and incorporated herein by reference, as though set forth in full, is Exhibit A which contains the separate assets of the Husband which shall be confirmed to him as his separate property. Wife disclaims and waives any and all rights and interest to such assets.

15. IDENTIFICATION AND CONFIRMATION OF SEPARATE PROPERTY. Attached hereto and incorporated herein by reference, as though set forth in full, is Exhibit B which contains the separate assets of the Wife which shall be confirmed to her as her separate property. Husband disclaims and waives any and all rights and interest to such assets.

16. WARRANTY OF FULL DISCLOSURE OF EXISTENCE OF ASSETS. Each party warrants to the other that he or she does not have any knowledge of any community assets other than those disclosed and listed in this agreement.

17. REMEDY FOR BREACH. If either party has any knowledge of any community assets other than those disclosed and listed in this agreement, the warrantor will transfer or pay to the warrantee, at the warrantee's election, one of the following:

2

(a) If the asset is reasonably susceptible to division, a portion of the asset equal to the warrantee's interest in it;

(b) The fair market value of the warrantee's interest in the asset on the effective of this agreement, plus interest at the rate of 10 percent per annum from the effective date of payment; or

(c) The fair market value of the warrantee's interest in the asset on the date on which the warrantee discovers the existence of the asset, plus interest at the rate of 10 percent per annum from the discovery date to the date of payment.

This provision will not be deemed to impair the availability, in a Court of competent jurisdiction, of any other remedy arising from non-disclosure of community assets.

18. WARRANTY OF FULL DISCLOSURE OF EXISTENCE OF LIABILITIES. Each party warrants to the other that he or she neither has incurred or will incur, on or before the effective date of this agreement, any liability not disclosed and listed in this agreement, on which the other is or may become personally liable or that could be enforced at any time against any asset held or to be received under this agreement by the other party.

19. REMEDY FOR BREACH. If either party has incurred or does incur, on or before the effective date of this agreement, any liability not disclosed and listed in this agreement on which the other is or may become personally liable or that could be enforced at any time against an asset held or to be received under this agreement by the other party, that warrantor willfully indemnify the other with respect to the obligation, including, but not limited to, any and all liability on the obligation, attorneys' fees, and related costs. This provision will not be deemed to impair the availability, in a Court of competent jurisdiction of such liabilities.

20. WARRANTY REGARDING UNDISCLOSED GIFTS OR TRANSFERS. Each party warrants to the other that he or she has made no undisclosed gifts or transfers for less than adequate consideration of any community assets with fair market values over $1,0000.00 without the other party's knowledge.

21. REMEDY FOR BREACH. If either party has made any undisclosed gift or transfer for less than adequate consideration of any community asset with a fair market value over $1,000.00 without the other party's knowledge, that warrantor will pay to the warrantee a sum equal to one-half the fair market value of the asset transferred, with the fair market value to be

3

determined, at the warrantee's election, as of either (a) the
effective date of this agreement or (b) the date on which the
warrantee discovers the transfer, less any appreciation in the
asset's value attributable solely to acts of the transferee(s)
and successor(s).  The warrantor will further pay to the
warrantee interest at the rate of 10 percent per annum from the
date elected for determination of the fair market value of the
asset to the date of payment. This provision will not be deemed
to impair the availability, in a Court of competent jurisdiction,
of any other remedy arising from undisclosed gifts or transfers
for less than adequate consideration.

22. WARRANTY REGARDING AFTER-ACQUIRED LIABILITIES.  Each
party warrants to the other that he or she will not incur, after
the effective date of this agreement, any liability on which the
other will be, or may become personally liable or that could be
enforced against an asset held by the other party.

23. REMEDY FOR BREACH. If either party incurs, after the
effective date of this agreement, any liability on which the
other will be or may become personally liable or that could be
enforced against an asset held by the other party, the warrantor
will indemnify the other for any liability on the obligation,
attorneys' fees, and related costs.

24. IDENTIFICATION AND DIVISION OF COMMUNITY PROPERTY.
Husband will be awarded and assigned, as of the execution of this
agreement, as his share of the community property the following
assets and liabilities, annexed hereto in Exhibit C and
incorporated herein by reference as though set forth in full.

Wife will be awarded and assigned, as of the execution of
this agreement, her share of the community property as set forth
in Exhibit D, and incorporated herein by reference as though set
forth in full.

25. DIVISION OF OMITTED COMMUNITY PROPERTY.  The Court in
the parties' dissolution action will reserve jurisdiction to
divide equally between the parties any assets or liabilities
omitted from division under this agreement that would have been
their community assets or liabilities as of the effective date of
this agreement.  This provision will not be deemed to impair the
availability, in a Court of competent jurisdiction, of any other
remedy arising from the omission of such property.

26. RETIREMENT BENEFIT TAX CONSEQUENCES. Each party will
indemnify the other for any federal and state income tax
liability arising out of distribution by his or her retirement
plan of benefits awarded to, and received by, the indemnifying
party under this agreement and for any attorneys' fees and
related costs.

4

USAO_013879

27. PAYMENT OF ATTORNEYS' FEES AND COSTS. Each party will bear all of his or her own attorneys' fees and costs incurred in connection with the negotiation, preparation, and execution of this agreement and the pending proceeding for dissolution of marriage.

28. RELEASE OF LIABILITIES AND CLAIMS. Except as otherwise provided in this agreement, each party hereby releases the other form all interspousal obligations, whether incurred before or after the effective date, and all claims to the property of the other. This release extends to all claims based on rights that have accrued before the marriage, including, but not limited to, property and support claims. The parties have considered such claims in this agreement.

29. ENTIRE AGREEMENT. This agreement contains the entire agreement of the parties on these matters, superseding any previous agreement between them. No other agreement, statement, or promise made on or before the effective date of this agreement by or to either party or his or her agent or representative will be binding on the parties unless (a) made in writing and signed by both parties or (b) contained in an order of a Court of competent jurisdiction.

30. MODIFICATION BY SUBSEQUENT AGREEMENT. This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, an oral agreement to the extent that the parties execute it, or an in-court oral agreement made into an order by a Court of competent jurisdiction.

31. ATTORNEYS' FEES IN ACTION TO ENFORCE OR MODIFY AGREEMENT. The prevailing party in any action or proceeding to enforce or modify any provision of this agreement, or any corresponding provision of a subsequent judgment into which the provision is merged, will be awarded reasonable attorneys' fees and costs. For the moving party to be deemed the prevailing party for the purposes of this provision, at least ten days before the filing of any motion he or she must provide written notice to the other party specifying the alleged breach or default, if capable of being cured, or the modification requested during the ten day period.

32. EFFECTIVE DATE. The effective date of this agreement will be the date of its execution by the second of the parties to do so.

33. COURT ACTION. If a judgment of dissolution of marriage is obtained by either party, the original of this agreement will be attached to the stipulated judgment. The Court will be requested to do the following:

5

     (a) Approve the entire agreement as fair and equitable;

     (b) Order the parties to comply with all of its executory provisions;

     (c) Merge the provisions relating to child support custody and visitation, child support, spousal support, future acts with respect to property division, and income tax returns, and only those provisions, into the judgment; and

     (d) Incorporate the remainder of the agreement in the judgment for the sole purpose of identification.

34. FURTHER EXECUTION OF DOCUMENTS. Each party agrees to forthwith execute any and all documents to properly effect the transfer of said assets, and authorizes the Clerk of the Court to execute any such documents if the party having the obligation to do so fails to execute same within thirty (30) days after execution of this agreement.

35. EXHIBITS. All the terms and conditions of the exhibits attached hereto are deemed incorporated herein by reference as though set forth in full and are made an integral part of this agreement.

The foregoing is agreed to by:

Dated: _____   _____
                     Husband

Dated: _____   _____
                     Wife

6

EXHIBIT "A"

The following described property set forth herein is herewith
confirmed as husband's sole and separate property:

1.   Husband's personal effects.

2.   Husband's clothing.

3.   Husband's personal jewelry.

EXHIBIT "B"

The following described property set forth herein is herewith confirmed as wife's sole and separate property:

1.  Wife's personal effects.

2.  Wife's clothing.

3.  Wife's personal jewelry.